NUMBER 13-10-00170-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

GREGORY MICHAEL CELESTINE,                                           Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the Criminal
District Court

of Jefferson County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Benavides, and Vela

Memorandum Opinion by
Justice Garza

 

            A jury convicted
appellant, Gregory Michael Celestine, of possession of a controlled substance, specifically,
phencyclidine (“PCP”), a second-degree felony.  See Tex. Health & Safety Code Ann. § 481.115(d)
(Vernon 2010).  The trial court found appellant to be a repeat felony offender
and sentenced him to ten years’ imprisonment.  See Tex. Penal Code Ann. §§ 12.32, 12.42(b)
(Vernon Supp. 2010). 

I.  Anders
Brief

            Celestine’s appellate
counsel has filed a motion to withdraw and a brief in support thereof in which
he states that he has diligently reviewed the entire record and has concluded
that there is no reversible error.  See Anders v. California, 386 U.S.
738 (1967); High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978).  Counsel has informed this Court that he has (1) examined the
record and has found no arguable grounds to advance on appeal, (2) served
copies of the brief and motion to withdraw on Celestine, and (3) informed Celestine
of his right to review the record and to file a pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991).  Celestine filed a pro se response.  See In re
Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).  

II. 
Independent Review

Upon receiving an Anders brief,
we must conduct a full examination of all the proceedings to determine whether
the appeal is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988). 
We have reviewed the entire record, counsel’s brief, and appellant’s pro se
response, and find that the appeal is wholly frivolous and without merit.  See
Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) (“Due to
the nature of Anders briefs, by indicating in the opinion it considered
the issues raised in the brief and reviewed the record for reversible error but
found none, the court of appeals met the requirements of Texas Rule of
Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509.  Accordingly,
we affirm the judgment of the trial court.

III.  Motion
to Withdraw

            In accordance with Anders,
Celestine’s counsel has filed a motion to withdraw as his appellate counsel.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas
1995, no pet.) (“If an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief
showing the appellate court that the appeal is frivolous.”) (citations omitted)). 
We grant the motion to withdraw.

            We order that counsel
must, within five days of the date of this opinion, send a copy of the opinion
and judgment to Celestine and advise him of his right to file a petition for
discretionary review.[2]
 See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 

________________________

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

10th
day of February, 2011.









[1]
The Texas Court of Criminal Appeals has held that “the pro se response need
not comply with the rules of appellate procedure in order to be considered.  Rather,
the response should identify for the court those issues which the indigent
appellant believes the court should consider in deciding whether the case
presents any meritorious issues.”  In re Schulman, 252 S.W.3d 403, 409
n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d 693,
696-97 (Tex. App.–Waco 1997, no pet.)).





[2]
No substitute counsel will be appointed.  Should Celestine wish to seek further
review by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review or file a pro se petition
for discretionary review.  Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition
for discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3, 68.7.  Any
petition for discretionary review must comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.